IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST
Joseph J. KLEIN, Attorney at Law.

Supreme Court

*No. 85–1734–D. Submitted on briefs November 25, 1986.—Decided February 10, 1987.*

(Also reported in 400 N.W.2d 459.)

For the respondent and cross-appellant there were briefs by *Joseph J. Klein*, Madison and *Milo G. Flaten*, Madison.

For the Board of Attorneys Professional Responsibility, there were briefs by *John W. Roethe*, Edgerton.

PER CURIAM. *Attorney disciplinary proceeding; attorney's license revoked.*

The Board of Attorneys Professional Responsibility (Board) appealed from the referee's recommendation that the license of the respondent, Joseph J. Klein, to practice law in Wisconsin be suspended for nine months as discipline for unprofessional conduct. The referee concluded that Attorney Klein had engaged in unprofessional conduct as follows:

—he engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4), by making unauthorized withdrawals

of funds in a receivership account in a matter in which he was the court-appointed receiver;

—he violated SCR 20.50(2)(c) by providing interested parties in the receivership matter and the Board a receivership accounting inaccurately reflecting the transactions that occurred in that account and misrepresented the current status of the account;

—he violated SCR 20.04(4) and 22.07(2) by making misrepresentations in the accounting and in a disclosure to the Board;

—he violated SCR 20.50(2)(d) by failing to promptly obtain court permission to pay out funds from the receivership account to the parties entitled to them;

—he violated SCR 20.50(1) and 11.05 by commingling funds from the receivership account with client funds on deposit in his attorney trust account and using those commingled funds for personal purposes;

—he violated SCR 22.07(2) and (3) by failing to fully and fairly disclose all facts and circumstances pertaining to his alleged misconduct in the course of the Board's investigation of the matter and failed to answer questions and present relevant evidence to the Board;

—he violated SCR 11.05 by failing to maintain and preserve adequate trust account records.

We adopt the referee's findings of fact and conclusions of law with respect to Attorney Klein's misconduct; however, we determine that the referee's recommendation for discipline is insufficient in response to the seriousness of that misconduct. Attorney Klein's unauthorized use of receivership funds and client funds held in trust violated a lawyer's fundamental duty to a client, the duty to deal honestly with the client. Attor-

ney Klein then compounded the misconduct by attempting to conceal his dishonest dealings from his clients and from the court's disciplinary agency investigating the matter. By that misconduct, Attorney Klein has shown that he is unable to be trusted with client funds. The totality of his misconduct warrants nothing less than the revocation of his license to practice law.

Attorney Klein was licensed to practice law in Wisconsin in 1970 and practices in Madison. He was previously disciplined in 1984, when he was privately reprimanded for neglect of a client's legal matter. The referee in this proceeding is Attorney Norman Anderson.

The facts found by the referee establish the following. In 1981 the Wisconsin Department of Revenue asserted tax deficiencies against Dorn Hardware and the three brothers who ran the business. When Dorn disputed the claim, a receivership was established to collect the assets of the taxpayer pending resolution of the dispute, and on April 13, 1981 Attorney Klein was appointed receiver. To avoid having the receiver take control of the taxpayer's assets and inventory, it was agreed that Dorn would deposit $60,000 into a receivership account to be held by Attorney Klein pending resolution of the dispute. Attorney Klein received a check in the amount of $60,000 from Dorn and deposited it into an interest-bearing savings account.

On January 17, 1984, Attorney Klein withdrew $10,000 from the receivership account without notice to or consent of the court, the Department of Revenue or the taxpayer. Attorney Klein deposited the $10,000 into his law office trust account, which at the time had a negative balance of $36.68. Following the deposit, Attorney Klein wrote several checks on his trust account for personal purposes unrelated to trust account matters

and, except for one check in the amount of $200, unrelated to receivership matters. At the end of January, 1984, the trust account balance was $3,500.48.

On April 2, 1984, Dorn's attorney notified Attorney Klein that the tax dispute had been settled and that a stipulation and order were being prepared. After the settlement was approved by order of the Wisconsin Tax Appeals Commission on June 6, 1984, Dorn's attorney attempted to contact Attorney Klein by telephone three times concerning the settlement, leaving messages for a return call, but Attorney Klein did not return the calls. On July 12, 1984, Attorney Klein withdrew $3,000 from the receivership account, again without notice to or consent of the court, the Department of Revenue or the taxpayer, and deposited it into his general law office account.

On July 26, 1984 Dorn's attorney told Attorney Klein the stipulation and order settling the tax dispute had been executed and, on the same day, sent him a letter enclosing a copy of the Tax Appeals Commission decision. Dorn's total tax liability was substantially less than the $60,000 that had been deposited plus the interest that had been earned. On August 14, 1984, when Dorn's attorney asked Attorney Klein to release the funds from the receivership account to satisfy Dorn's tax liability, Attorney Klein stated that he first had to obtain a court order. Subsequently, both Dorn's attorney and an attorney for the Department of Revenue made repeated requests to Attorney Klein for the release of the funds and for an accounting of the handling of the funds in the receivership account, but Attorney Klein did not respond.

On September 20, 1984 one of the owners of Dorn filed a grievance with the Board complaining of the

delay in the disbursement of the funds to the Department of Revenue. On September 25, 1984 the Board sent Attorney Klein a copy of the grievance and requested a response within 20 days, pursuant to SCR 22.07(2) and 21.03. Attorney Klein failed to respond timely, and the Board sent him a second letter on October 18, 1984. On October 26, 1984 Attorney Klein responded, stating that he had the receivership funds plus interest in his possession but that he could not release the funds without the permission and approval of the circuit court. He also stated that he had not received an itemization of the tax liability and that he had been appointed receiver on a 25 percent contingent fee basis and there was a dispute concerning who would pay his fee.

Attorney Klein attempted to have Dorn withdraw the grievance, claiming that the problem in the receivership was a matter concerning his fee. The Department of Revenue denied that a 25 percent contingent fee arrangement existed and took the position that Attorney Klein had to look to Dorn for payment of his fee. Eventually, Attorney Klein suggested that the fee issue be arbitrated. The issue was ultimately settled between Dorn's attorney and Attorney Klein on November 25, 1984, resulting in a fee of $1,250.

On October 31, 1984 the Board asked Attorney Klein to provide account records for the receivership funds, including the location and number of the receivership account and the dates and amounts of any deposits, withdrawals and interest earned. The Board requested a response within 10 days, but Attorney Klein did not provide the accounting. The Board made a second request for the information on November 15, 1984. Attorney Klein did not provide an accounting and

requested delays to respond. Through its subsequent examination of bank and trust account records, the Board discovered the two unauthorized withdrawals of receivership funds.

On November 25, 1984 Attorney Klein and Dorn's attorney entered into a stipulation providing that Attorney Klein would pay out all receivership funds to the Department of Revenue, would furnish a true and accurate accounting of the funds, and would have the fee issue submitted to the State Bar fee arbitration panel. The stipulation also provided that Dorn would withdraw the grievance filed with the Board. On the following day, Attorney Klein borrowed $14,000 from his bank and deposited the proceeds into his trust account. The day after that, he wrote himself a $14,500 check on the trust account and deposited it into the receivership account.

With respect to the $14,500 deposit into the receivership account, the $500 in excess of the loan amount came from funds in Attorney Klein's trust account which were part of the proceeds from the sale of a house in a divorce matter. In response to a request for information concerning his trust dealings, Attorney Klein told the Board that the $14,500 came from his personal funds, and he told a Board auditor that $500 of that amount was attorney fees in the divorce. In fact, the trust monies were the subject of a dispute in the divorce proceeding and were to be retained in the trust account pending a decision by the circuit court, which was not made until the fall of 1985. The divorce client did not authorize Attorney Klein to withdraw any money from the funds in the trust account either as fees or for any other purpose.

Prior to using $500 of the trust monies to replenish the receivership account, Attorney Klein, on November

20, 1984, had written a check on his trust account in the amount of $1,000 for personal purposes, that money having come from the monies in the divorce matter. Attorney Klein made that withdrawal without his client's knowledge or consent.

On November 28, 1984 Attorney Klein sent a check in the amount of $65,250.86 to the Department of Revenue written on the receivership account, together with a copy of the signed stipulation between him and Dorn's attorney. The Department of Revenue objected to the stipulation's identification of Attorney Klein as attorney for the Department, as well as with the proposed arbitration of the fee issue. The Department of Revenue stated that it would hold the receivership money in escrow until an acceptable stipulation were executed.

On November 30, 1984 Attorney Klein told the Board that the bank had sent him the wrong information concerning the receivership accounting and that he needed an additional extension to December 5, 1984 to respond to the Board's request for the accounting. On December 6, 1984 Attorney Klein told the Board that all matters had been resolved and that he would provide the requested accounting information that afternoon or the following day. On December 7, 1984, Attorney Klein sent to Dorn's attorney for signature a new stipulation providing that Dorn would pay Attorney Klein $1,250 in full settlement of his receivership fee; that stipulation made no mention of the withdrawal of Dorn's grievance. With the stipulation, Attorney Klein enclosed a check to Dorn in the amount of $5,630.61 and what purported to be an accounting of the receivership funds. Attorney Klein sent a copy of the letter and enclosures to the Board and made no further response to the Board's request for accounting information.

The accounting, which the referee found "inaccurate, untruthful, and fraudulent," did not show the $10,000 and $3,000 withdrawals Klein had made from the receivership account in January and July of 1984, nor did it show his deposit of $14,500 into that account in November. In order to prepare that accounting, Attorney Klein had an employee of his bank calculate the interest that would have accrued to the receivership account if he had not made the two withdrawals. The accounting showed the remaining balance in the account to be $5,630.61, the amount of the check he sent to Dorn, thereby purportedly leaving a zero balance in the receivership account. The bank statements, however, showed a balance of $868.85, which subsequently increased to $2,177.81 following an interest payment.

In our review of this matter, we first consider Attorney Klein's cross-appeal from the referee's findings of fact and conclusions of law concerning his conduct in this matter. Attorney Klein claimed he had been given authorization to take his fees from the receivership account by the Department of Revenue attorney with whom he had initially dealt before accepting appointment as receiver. He contended that he had entered into an oral contract with that attorney to serve as receiver for a fee of 25 percent of taxpayer funds he collected. Further, he claimed that the attorney authorized him to take his fees from the receivership account at any time after the taxpayer's funds had been collected.

In support of his position, Attorney Klein cited the testimony of the former Department of Revenue attorney in the disciplinary proceeding. That testimony, however, established merely that the attorney who had

350

arranged for Attorney Klein's appointment as receiver had "probably" told Attorney Klein that the Department of Revenue used a 25 percent contingent fee as a "rule of thumb" in advising attorneys what to expect as a fee in a receivership. The attorney testified that the actual setting of the fee was up to the receiver, subject to attack by the taxpayer and eventual determination by the circuit court. On the question of the alleged authorization to withdraw fees from the receivership account, the former Department of Revenue attorney testified that it was likely he had told Attorney Klein that a receiver need not wait until the full amount of the tax liability is collected in order to recover his fees but that he could take his fee from taxpayer funds forwarded periodically to the Department.

Thus, the testimony on which Attorney Klein relies is far from conclusive either on the issue of a contingent fee arrangement or on the issue of his authorization to withdraw his fee before the receivership was terminated. With respect to the latter, Attorney Klein's two withdrawals of receivership funds were not made in connection with his transmittal of taxpayer funds in the receivership account to the Department of Revenue. In fact, Attorney Klein's only transmittal of funds was the payment of the total tax liability in November, 1984.

■

Attorney Klein next argued that the Board was estopped from pursuing its investigation and filing a disciplinary complaint against him because he had relied to his detriment on the stipulation he had entered into with the taxpayer's attorney, by the terms of which the issue of his fee was to be submitted to arbitration in return for the taxpayer's withdrawal of the grievance filed with the Board. This argument fails for two rea-

sons: first, the Board was not a party to the stipulation; second, the withdrawal of a grievance filed with the Board would not affect the Board's duty to investigate any possible attorney misconduct "without regard to the manner in which the matter is brought to [its] attention." SCR 21.09(1).

Attorney Klein also argued that the Board acted in bad faith in the course of this disciplinary proceeding. He alleged that the Board never contacted the former Department of Revenue attorney to verify his claim that he had been authorized to withdraw his fee for the receivership account, but the record discloses and Attorney Klein himself conceded that the Board had contacted the attorney a week before the disciplinary hearing. Moreover, the district grievance committee investigating the matter prior to the filing of the Board's complaint had contacted the former attorney.

The only issue presented in the Board's appeal is whether the nine-month license suspension recommended by the referee is appropriate discipline in response to Attorney Klein's misconduct. The Board argued that, on the basis of prior court decisions in disciplinary matters involving attorney conversion of client funds, Attorney Klein's misconduct warrants the revocation of his license to practice law. The Board emphasized that there were two separate incidents of misappropriation of client funds: the unauthorized withdrawal of receivership funds and the personal use of a client's funds held in trust. Further, the Board pointed to Attorney Klein's consistent failure to cooperate in its investigation of the matter, his attempts to evade its request for information, and his submission of informa-

tion that was either untruthful or misleading. With respect to the harm caused by the misconduct, the Board noted that Attorney Klein's delay in paying out the receivership funds once the tax liability had been settled caused the taxpayer to incur interest penalties at an annual rate of 18 percent on the tax liability. In addition to license revocation, the Board suggested that Attorney Klein be required to reimburse his divorce client for the $1,500 he had misappropriated from his trust account.

We agree with the Board's position on the issue of what constitutes appropriate discipline. Not only did Attorney Klein misappropriate client funds, but he also commingled receivership funds with trust account funds, filed false and inaccurate receivership accountings, failed to promptly pay out the receivership funds to those entitled to receive them, thereby causing the taxpayer to incur additional liability, and failed to cooperate with the Board in its investigation of the matter. The seriousness of that misconduct warrants the revocation of Attorney Klein's license to practice law. However, we decline to address the issue of restitution, as it had not been raised before the referee, and the referee made no recommendation with respect to it.

Attorney Klein filed a motion objecting to the statement of costs filed by the Board in this proceeding on the ground that no itemization of the costs had been furnished in order to permit him to determine whether the costs were fair or reasonable. The Board subsequently furnished Attorney Klein with an itemization of costs, and the court granted Attorney Klein the opportunity to file a specific objection to the statement of costs as itemized. Attorney Klein did not file a specific

objection to the itemized costs, and we reject the motion.

IT IS ORDERED that the license of Joseph J. Klein to practice law in Wisconsin is revoked, effective March 16, 1987.

IT IS FURTHER ORDERED that within 120 days of the date of this order Joseph J. Klein pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that Joseph J. Klein comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.