In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Joseph J. KLEIN, Attorney at Law:

OFFICE OF LAWYER REGULATION, f/k/a Board of Attorneys Professional Responsibility, Complainant,

v.

Joseph J. KLEIN, Respondent.

Supreme Court

*No. 85–1734–D. Decided February 2, 2004.*

2004 WI 7

(Also reported in 674 N.W.2d 552.)

The Court entered the following order on this date:

The license to practice law of Joseph J. Klein was revoked pursuant to *Disciplinary Proceedings Against Joseph J. Klein*, 135 Wis. 2d 342, 400 N.W.2d 459 (1986). Klein petitioned for reinstatement on February 13, 2003. A response opposing reinstatement was filed by the Office of Lawyer Regulation on May 29, 2003. A response was filed by the Board of Bar Examiners on May 7, 2003 which did not oppose reinstatement pending Klein's satisfaction of certain CLE requirements.

Referee Cheryl Rosen Weston was thereafter appointed by the court, conducted proceedings on July 31, 2003 and August 19, 2003, and filed her report to this court on September 26, 2003. Referee Weston recommended that Klein's license be reinstated with costs but not until 90 days after the date of the order in order to emphasize to him the high standards of conduct that are expected of him as a member of the Bar. She indicated some concern over Klein's: (1) use of the term "legal counsel" to describe his activities during brief employment at a title company in 1993; (2) belated payment of the costs from the 1986 revocation; and, (3) possibly belated filing of his affidavit of compliance arising out of the revocation. But Referee Weston concluded that none of these concerns justify denying reinstatement although a ten-day delay was necessary for Klein to contemplate the high expectations of conduct expected of him prior to resuming his former profession.

The court is concerned about Klein's past trust account misconduct and his continued financial problems during the period of revocation. It agrees with OLR's initial recommendation that if he is reinstated he should submit quarterly trust account and any other escrow or fiduciary records to OLR for monitoring. It further believes this should continue for a period of four

years, and not just two years, after reinstatement. Accordingly, the court does not follow the referee's recommendation to the contrary.

Upon the referee's findings, report and recommendation, which the court accepts except as noted,

IT IS ORDERED that the license to practice law of Joseph J. Klein be reinstated effective 90 days after the date of this order.

IT IS FURTHER ORDERED that this reinstatement is subject to Klein's compliance with the 2003–2004 CLE requirement by reporting an additional 30.0 approved hours, including 3.0 hours EPR; or by electing the exemption available at SCR 31.04(2) on the CLE Form 1 that will be due for the 2003–2004 reporting period.

IT IS FURTHER ORDERED that Klein shall submit quarterly trust account and any other escrow and fiduciary records to OLR for a period of four years following the date of reinstatement.

IT IS FURTHER ORDERED that Klein pay the costs of these proceedings in an amount of $4,331.85.